MCGUIREWOODS LLP
TRACY EVANS MOYER (SBN 243212)
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email: tmoyer@mcguirewoods.com

Attorneys for Defendants Bank of America, N.A. and Federal National Mortgage Association

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

SHELLY MAX,

Plaintiff,

vs.

SETERUS INC, a/k/a IBM INC.; SERVICELINE/FIDELITY NATIONAL FINANCIAL INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, N.A.; MERS, INC.; RYAN REMINGTON, Individual, and DOES 1-100,

Defendants.

CASE NO.

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 and 1446**

**[Federal Question Jurisdiction 28 U.S.C. §§ 1441 and 1446]**

**(Removed from Superior Court of California, Stanislaus County Case No. 677859)**

**TO PRO SE PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Removing Defendants"), by and through undersigned counsel, hereby remove the above-referenced action filed by Plaintiff Shelly Max ("Plaintiff"), from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California—Fresno Division (the "Federal Court"), and in support of this removal state as follows:

**PROCEDURAL HISTORY**

1. On or about September 5, 2012, *pro se* Plaintiff Shelly Max ("Plaintiff") filed her original complaint in the Superior Court of the State of California in the County of Stanislaus against Defendants Max Default Services Corporation, International Business Machines, Inc., Fidelity National Financial, Inc., and Does 1 through 100 inclusive (the "September 5, 2012 Complaint"). The case, entitled *Shelly Max v. Max Default Services Corp., et al.*, was assigned case number 677859 (the "State Court Action"). The September 5, 2012 Complaint asserted a total of three causes of action for: (1) Cancellation of Instrument/Expungement; (2) Slander of Title; and (3) Negligent Misrepresentation. Defendants from the original action timely filed a demurrer and motion to strike the September 5, 2012 Complaint on October 10, 2012, which was set to be heard on December 5, 2012. On December 5, 2012, the State Court issued a tentative ruling granting Defendants' Motion to Strike and allowing Plaintiff until December 20, 2012 to file an amended complaint. Removing Defendants were neither named in, nor served with, the September 5, 2012 complaint.

2. Plaintiff filed an amended complaint on December 4, 2012. On December 5, 2012, the State Court issued an order declaring Defendants' demurrer moot because Plaintiff had timely filed an amended complaint as a matter of right. Removing Defendants were neither named in, nor served with, the December 4, 2012 amended complaint.

3. On or about January 3, 2012, Plaintiff filed her First Amended Complaint[1] (the "FAC") in this action in the Superior Court of the State of California in the County of Stanislaus. Plaintiff filed the instant FAC on January 3, 2013 as a "correction of the Amended Complaint" along with a Supplement to the FAC which stated that she "did not know that the Court had granted her until [December 20] to file [an amended complaint]." A copy of the First Amended Complaint is attached hereto as **Exhibit A** and incorporated herein.

4. On January 8, 2013, BANA was served by certified mail with a copy of the FAC and Summons.

5. On January 8, 2013, Fannie Mae was served by certified mail with a copy of the FAC and Summons.

6. On January 8, 2013, Seterus, Inc. was served by certified mail with a copy of the FAC and Summons.

7. On January 8, 2013, Mortgage Electronic Registration Systems, Inc. was served by certified mail with a copy of the FAC and Summons.

8. To date, there is no other service information for the remaining defendants.

9. All of Plaintiff's claims in the State Court Action arise out of a mortgage loan transaction ("the Loan") entered into by Plaintiff for real property located at 4608 Trowbridge Lane, Salida, California 95368-9180 ("the Property"). (FAC at 9:1-8).

10. Plaintiff alleges 18 causes of action in the caption of the FAC: (1) Wrongful Foreclosure; (2) Cancellation and Expungement of Fraudulent Documents; (3) Negligence; (4) Negligent Misrepresentation; (5) Void Trustee Sale; (6) Void Deed Upon Sale; (7) Void All Fraudulent Filings Beginning with Corporation Assignment of Deed of Trust Doc. No. 2012-0038278-00; (8) Slander of Title; (9) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (10) Attempted Larceny; (11) Accounting; (12) Aiding and Abetting; (13) Wire and

[1] In light of the December 4, 2012 pleading which Plaintiff styled as an amended complaint, the First Amended Complaint appears to have been named improperly as it is actually the second amended complaint. Regardless, Removing Defendants expressly reserve the right to raise this defense at a later time.

Mail Fraud; (14) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (15) Forgery and Counterfeiting of Security Instruments; (16) Disgorgement of Ill-Gotten Gains; (17) Violation of Cal. Bus. & Prof. Code § 17200; and (18) Declaratory Relief. (*See gen.*, FAC).

11. In addition to the above causes of action, the body of the FAC also contains numerous allegations against Removing Defendants, including: (1) Violations of the Truth in Lending Act ("TILA") and Regulation Z; (2) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) Fraud; (4) Violation of Cal. Penal Code §§ 115, 470-83, 529; (5) Violation of Cal. Civ. Code § 337; (6) Violation of Cal. Corp. Code §§ 1158-59, 3517, 6215; (7) Violation of Cal. Commercial Code § 3602; and (8) Violation of Cal. Civ. Code §§ 2923.5, 2924, and 3412. (*See id*).

## II. VENUE, TIMELINESS, CONSENT, AND NOTICES

12. This Notice of Removal is being filed on February 7, 2013 and is timely pursuant to 28 U.S.C. § 1446(b) because the filing is within thirty days of Removing Defendants' receipt of a "copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

13. Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the State Court Action was filed in this District and this is the judicial district in which the action arose.

14. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will serve a copy of this Notice of Removal on *pro se* Plaintiff and all other parties and will file a copy with the Clerk of the Superior Court, County of Stanislaus. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B**, is a copy of a Notice of Filing of Notice of Removal, which will be filed with the Clerk of the Superior Court of California, County of Stanislaus.

15. Seterus, Inc. consents to and joins in the removal of the State Court Action to Federal Court.

16. Mortgage Electronic Registration Systems, Inc. consents to and joins in the removal of the State Court Action to Federal Court.

17. As Plaintiff has not effectuated service of process on the remaining unserved Defendants, their consent is not required for purposes of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action"). *See also*, 28 U.S.C. 1446(b)(2)(A), stating that the joinder requirement applies to "all defendants who have been properly joined and served."

18. Defendants "Does 1-100" are named in the State Court Action as fictitious defendants whose consent is not required for purposes of removal. *See Emrich*, 846 F.2d at 1193 (the requirement for consent applies "only to defendants properly joined and served in the action.")

## III. BASIS FOR REMOVAL

### A. <u>Federal Question Jurisdiction</u>

19. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Removing Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff alleges claims under (I.) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.; (II.) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, *et seq*.; (III.) the Fair Debt Collections and Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; and (IV.) the Racketeer Influenced and Corrupt Organizations Act ("Civil RICO"), 18 U.S.C. § 1962. (*See* FAC ¶¶ 17-22, 31-35, 40-52, 54-56)

20. Federal question jurisdiction is conferred by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

21. It is well established that federal jurisdiction exists even when the complaint purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *See Grable & Sons Metal Prods. v. Dame Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). Stated otherwise, a "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect." *Cuyahoga River Power Co. v. Northern Ohio Transaction & Light Co.*, 252 U.S. 388, 397 (1920).

22. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because the relief that Plaintiff seeks requires interpretation and enforcement of federal law. As such, this action is properly removable under 28 U.S.C. § 1441. *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 315 (federal jurisdiction exists where federal statute is essential element of plaintiffs claim).

**B. <u>Supplemental Jurisdiction</u>**

23. Concerning additional claims brought under state law, 28 U.S.C. § 1367 provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

24. All of Plaintiff's claims, including those arising under TILA, RESPA, the FDCPA, the Civil RICO statutes, and those arising under state law, relate to the same loan, the same property, the same origination process, the same default and the same foreclosure sale. In essence, Plaintiff asserts both federal law and state law as alternative bases for the same relief. (*See gen.*, FAC). Therefore, Plaintiff's state and federal claims combine to form one controversy and this Court has supplemental jurisdiction to adjudicate all alleged claims. *See Benas v. Shea Mortgage, Inc.*, 2011 U.S. Dist LEXIS 114933, *4 (S.D. Cal. October 4, 2011) ("Plaintiffs bring seven causes of action under the Real Estate Settlement and Procedures Act, a federal statute. Accordingly, the Court has original jurisdiction over these claims, *see* 28 U.S.C. § 1331, and the Court also has supplemental jurisdiction over Plaintiffs' state law claims as all of Plaintiffs' claims are related to their mortgage loan and subsequent foreclosure proceedings.").

**<u>INTRADISTRICT ASSIGNMENT</u>**

25. The Fresno Division of the Eastern District of California has jurisdiction over this Action because this Action arises in the County of Stanislaus and is being removed from the Superior Court of the State of California, County of Stanislaus.

WHEREFORE, Removing Defendants pray that the above action now pending in the Superior Court of the State of California, in and for the County of Stanislaus, be removed to this Court.

DATED: February 7, 2013 McGUIREWOODS LLP

By: /s/ Tracy Evans Moyer
Tracy Evans Moyer
Attorneys for Bank of America, N.A. and Federal National Mortgage Association

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of California using the appellate CM/ECF system.

I further certify that I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for overnight to the following parties:

Shelly Max
4608 Trowbridge Lane
Salida, CA 95368

*Pro Se Plaintiff*

Timothy M. Ryan, Esq.
The Ryan Firm
30 Corporate Park
Suite 310
Irvine, CA 92606

*Counsel for Seterus, Inc. and Mortgage Electronic Registration Systems, Inc.*

/s/ Tracy Evans Moyer
Tracy Evans Moyer