1
2
3
4
5
6
7
8
9
10
11
12          **IN THE UNITED STATES DISTRICT COURT**
13          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
14
15
SHELLY MAX,                                    CASE NO. CV F 13-0196 LJO SMS
16
                        Plaintiff,             **ORDER TO DISMISS CLAIMS**
17          vs.                                (Doc. 4)
18  SETERUS INC., et al.,
19                      Defendants.
20  _____/
21                          <u>**INTRODUCTION**</u>
22          Defendants Bank of America, N.A. ("B of A") and Federal National Mortgage Association
23  ("Fannie Mae") seek to dismiss as improperly pled and legally incognizable pro se plaintiff Shelly Max's
24  ("Ms. Max's") claims arising from her loan default and foreclosure of her Stanislaus County property.
25  This Court construes Ms. Max's action as an attempt to thwart, delay or complicate post-foreclosure
26  matters.  For the reasons discussed below, this Court DISMISSES this action against B of A and Fannie
27  Mae given the absence of Ms. Max's credible claims and VACATES the March 27, 2013 hearing set
28  by B of A and Fannie Mae.

                                            1

1

**BACKGROUND**

2

**Ms. Max's Loan And Property Foreclosure**

3       On August 6, 2004, Ms. Max obtained a $231,500 loan from America's Wholesale Lender

4   ("AWL") and which was secured by a deed of trust on the property recorded on August 11, 2004.[1]   The

5   deed of trust identifies as borrowers Ms. Max and Thomas Lutterman ("Mr. Lutterman"), "husband and

6   wife as joint tenants."   The deed of trust names defendant Mortgage Electronic Registration Systems,

7   Inc. ("MERS") as beneficiary and AWL's nominee.

8       By an assignment recorded on May 2, 2012, MERS assigned its beneficial interest under the deed

9   of trust to Fannie Mae.  On May 15, 2012, a substitution of trustee was recorded to substitute defendant

10  Max Default Services Corporation ("MDS") as deed of trust trustee.

11      After Ms. Max failed to make timely loan payments, MDS recorded a notice of default for Ms.

12  Max's loan on May 15, 2012.  On August 16, 2012, MDS recorded a notice of trustee's sale to set a

13  September 5, 2012 sale of the property.  Fannie Mae purchased the property, and a trustee's deed upon

14  sale was recorded on September 7, 2012 to grant Fannie Mae all right, title and interest in the property.

15

**Ms. Max's Claims**

16      Ms. Max proceeds on her 60-page operative first amended complaint ("FAC").  In addition to

17  the moving defendants, the FAC appears to name as defendants MDS, MERS, Seterus, Inc.,

18  Sevicelink/Fidelity National Financial, Inc., and Ryan Remington.[2]   The FAC purports to allege

19  violations of federal and California statutes.

20

**DISCUSSION**

21

**Sua Sponte Dismissal**

22      The FAC fails to allege cognizable claims.

23      "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . .  Such dismissal

24  may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Service,*

25

---

26      [1]      Documents pertaining to Ms. Max's loan and property foreclosure were recorded with the Stanislaus County

27  Recorder.

        [2]      This Court will refer to B of A, Fannie Mae, and the other purported defendants collectively as

28  "defendants."

1   *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

2   sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

3   319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

4   745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis actions sua sponte

5   prior to service of process on defendants).

6          "When a federal court reviews the sufficiency of a complaint, before the reception of any

7   evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

8   a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

9   claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

10  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

11  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

12  theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

13  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

14         In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

15  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

16  can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

17  F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

18  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*

19  *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

20  assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*

21  *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the [plaintiff] can

22  prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not

23  been alleged." *Associated General Contractors of California, Inc. v. California State Council of*

24  *Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if

25  "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon*

26  *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

27         A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

28  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

1   *Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

2   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

3   plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

4   *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

5   direct or inferential allegations respecting all the material elements necessary to sustain recovery under

6   some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

7   *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

8           In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

9   explained:

10              . . . a complaint must contain sufficient factual matter, accepted as true, to "state
        a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
11      plaintiff pleads factual content that allows the court to draw the reasonable inference that
        the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
12      akin to a "probability requirement," but it asks for more than a sheer possibility that a
        defendant has acted unlawfully.  (Citations omitted.)
13

14          After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

15  to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

16  must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

17  F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

18          The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

19              First, the tenet that a court must accept as true all of the allegations contained in
        a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
20      a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
        only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
21      . Determining whether a complaint states a plausible claim for relief will . . . be a
        context-specific task that requires the reviewing court to draw on its judicial experience
22      and common sense. . . . But where the well-pleaded facts do not permit the court to infer
        more than the mere possibility of misconduct, the complaint has alleged – but it has not
23      "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

24              In keeping with these principles a court considering a motion to dismiss can
        choose to begin by identifying pleadings that, because they are no more than conclusions,
25      are not entitled to the assumption of truth. While legal conclusions can provide the
        framework of a complaint, they must be supported by factual allegations. When there are
26      well-pleaded factual allegations, a court should assume their veracity and then determine
        whether they plausibly give rise to an entitlement to relief.
27

28  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987);*Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).   A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions [its] authenticity . . ." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes" of dismissal. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration prevents plaintiffs from surviving dismissal "by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

Lastly, under F.R.Evid. 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

As discussed below, the FAC is subject to dismissal in the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory.

### Failure To Satisfy F.R.Civ.P. 8

The FAC is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written

---

[3]      "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

1  more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to

2  whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

3  *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and

4  judges." *McHenry*, 84 F.3d at 1179.

5          Moreover, a pleading may not simply allege a wrong has been committed and demand relief.

6  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

7  "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

8  1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a

9  complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v.

10  Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some

11  degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733

12  F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

13  enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.

14  1955). The U.S. Supreme Court has explained:

15          While, for most types of cases, the Federal Rules eliminated the cumbersome
        requirement that a claimant "set out in detail the facts upon which he bases his claim,"

16          *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added),
        Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to

17          relief. Without some factual allegation in the complaint, it is hard to see how a claimant
        could satisfy the requirement of providing not only "fair notice" of the nature of the

18          claim, but also "grounds" on which the claim rests.

19  *Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

20          The FAC fails to satisfy F.R.Civ.P. 8. The FAC lacks facts of defendants' specific wrongdoing

21  to provide fair notice as to what defendants are to defend. The FAC makes references to "fraudulent

22  foreclosure," "fraudulent practices," "predatory loans," "teaser rates," "inflated appraisals," "illegal null-

23  and-void contracts," "false filings," "ill-gotten gains," "attempted larceny," "reckless and fraudulent

24  accounting," "forged documents," "counterfeiting," "illegal RICO scheme," "fraud-upon-the-court,"

25  "proven liars," "foreclosure mills," "skimming," "misappropriation of funds," "organized crime," and

26  "double dipping." Without context, the FAC cites to multiple legal authorities. The FAC lacks

27  cognizable claims or legal theories upon which to support defendants' liability, especially considering

28  the FAC's mere recitation of legal buzzwords and legal conclusions.

The FAC further suffers in that it fails to distinguish claims among defendants and lumps defendants and others together.  In fact, the identity of the precise defendants is unclear.  A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."  *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).  "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently."  *Van Dyke Ford, Inc. v. Ford Motor Co.,* 399 F.Supp. 277, 284 (D. Wis. 1975).

The FAC lacks specific, clearly defined allegations of defendants' alleged wrongs to give fair notice of claims plainly and succinctly to warrant dismissal of this action.  The FAC pleads no more than generalized wrongdoing which could apply to any loan setting, default and foreclosure.  Morever, the FAC's claims are subject to defenses and based on legally deficient theories to further warrant dismissal.

### Failure To Tender Indebtedness

Ms. Max's failure to tender, and inability to tender, the amount owing on her loan dooms the FAC's global claims.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)).  "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88

1  Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

2      In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

3  (1989), the California Court of Appeal explained:

4      . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or
       procedure should be accompanied by an offer to pay the full amount of the debt for
5      which the property was security." . . . . This rule . . . is based upon the equitable maxim
       that a court of equity will not order a useless act performed. . . . "A valid and viable
6      tender of payment of the indebtedness owing is essential to an action to cancel a voidable
       sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not
7      have redeemed the property had the sale procedures been proper, any irregularities in the
       sale did not result in damages to the plaintiffs.  (Citations omitted.)

8

9      An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

10  a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15

11  Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no

12  effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851

13  (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the

14  offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92

15  Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical

16  ground that notice was improper, if the party making the challenge did not first make full tender and

17  thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western*

18  *Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action

19  'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid

20  tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

21      "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without

22  paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

23  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain

24  an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,

25  477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

26      Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do

27  equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the

28  plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter

8

into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the FAC nor record references Ms. Max's tender of indebtedness or meaningful ability to do so. The record's silence on Ms. Max's tender of or ability to tender amounts outstanding is construed as her concession of inability to do so. Ms. Max's failure to cure her default resulted in rightful acceleration of her loan's outstanding balance. Without Ms. Max's meaningful tender, she seeks empty remedies, not capable of being granted. Granting Ms. Max relief without her tender would be an unjustified windfall. In addition, the FAC does not address conditions precedent to permit rescission. Without Ms. Max's meaningful tender, the FAC's purported claims are doomed.

### Foreclosure Sale Presumption Of Validity

Based on the record, the property's foreclosure sale is entitled to a presumption of validity to doom further Ms. Max's claims.

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of

trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations

omitted).  "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'"  *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)).  "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity."  *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.  The "burden of proof rests with the party attempting to rebut this presumption."  *Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1505, 141 Cal.Rptr.3d 326 (2012).

To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked."  *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940).  A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust."  *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

A "plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."  *Herrera*, 205 Cal.App.4th at 1507, 141 Cal.Rptr.3d 326; *see Knapp v. Doherty*, 123 Cal.App.4th 76, 86, n. 4, 20 Cal.Rptr.3d 1 ("A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure and the resulting prejudice '").  "Prejudice is not presumed from 'mere irregularities' in the process."  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272, 129 Cal.Rptr.3d 467 (2011).

The FAC lacks meaningful facts of a specific statutory irregularity or misconduct in foreclosure proceedings attributable specifically to defendants, especially considering that the FAC does not dispute Ms. Max's default.  The FAC's conclusory claims of purported non-compliance of non-judicial foreclosure provisions offer nothing to support a discrepancy in the foreclosure process. The FAC lacks allegations to overcome the presumption of foreclosure validity, especially considering the absence of prejudice to Ms. Max whose default resulted in foreclosure.

/ / /

11

**Indispensable Party Mr. Lutterman**

The FAC is further subject to dismissal given its failure to join Mr. Lutterman, Ms. Max's husband, as an indispensable party. F.R.Civ.P. 19(a)(1)(B) requires joinder of a person who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Mr. Lutterman has an interest in the property which may be impaired with his absence to warrant further dismissal of this action without his joinder. *See* F.R.Civ.P. 12(b)(7).

**Attempt At Amendment And Malice**

Since the FAC's claims are insufficiently pled and barred as a matter of law, Ms. Max is unable to cure claims by allegation of other facts and thus is not granted an attempt to amend. The FAC raises frivolous points which this Court need not address individually. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")

Moreover, this Court surmises that Ms. Max brought this action in absence of good faith and seeks to exploit the court system solely for delay or to vex defendants and the foreclosure and/or unlawful detainer process. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). The FAC includes confusing, indecipherable claims. An attempt to vex or delay provides further grounds to dismiss this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action and all claims against B of A and Fannie Mae;

2. DIRECTS the clerk to enter judgment in favor of defendants Bank of America, N.A. and Federal National Mortgage Association and against plaintiff Shelly Max; and

3.      ORDERS Ms. Max, no later than March 7, 2013, to file papers to show cause why this Court should not dismiss this action against any remaining defendants, including Max Default Services Corporation, MERS, Seterus, Inc., Sevicelink/Fidelity National Financial, Inc., and Ryan Remington.

**This Court ADMONISHES Ms. Max that this Court will dismiss this action against any remaining defendants, including Max Default Services Corporation, MERS, Seterus, Inc., Sevicelink/Fidelity National Financial, Inc., and Ryan Remington, if Ms. Max fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against any remaining defendants.**

IT IS SO ORDERED.

**Dated:   February 26, 2013          /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

13