UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY MAX, | CASE NO. CV F 13-0196 LJO SMS |
| Plaintiff, | **ORDER TO DENY RELIEF**<br>(Doc. 14.) |
| vs. | |
| SETERUS, INC., et al., | |
| Defendants. | |
| _____/ | |

    This Court's February 26, 2013 order ("February 26 order") dismissed with prejudice this action against defendants Bank of America, N.A. ("B of A") and Federal National Mortgage Association ("Fannie Mae") and ordered pro se plaintiff Shelly Max ("Ms. Max") to file papers to show cause why this action should not be dismissed against the remaining defendants. In response to the order, Ms. Max filed her March 6, 2013 request to dismiss this action. This Court's February 8, 2013 order dismissed without prejudice the claims remaining in the action after the February 26 order.

    On March 6, 2014, Ms. Max filed papers comprising more than 400 pages to appear to challenge dismissal and to contend that this Court lacked jurisdiction, based among other reasons, defective removal to this Court.

    As to claims against B of A and Fannie Mae, the February 26 order adjudicated those claims on their merits. *See* F.R.Civ.P. 41(b). Ms. Max is barred to litigate the dismissed

1

claims against B of A and Fannie Mae.  *See Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir. 1986).

Ms. Max's filing her voluntary dismissal terminated this action as to the remaining defendants.  *Concha v. London*, 62, F.3d 1493, 1506 (9th Cir. 1995).  This Court lost its jurisdiction with the filing of Ms. Max's voluntary dismissal and could impose no terms on dismissal, including remand to state court.  *See Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999).  In short, a voluntary dismissal "under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to anything about it."  *Commercial Space*, 193 F.3d at 1078.

Given dismissals of Ms. Max's claims and admission that this Court lack jurisdiction, this Court indeed lacks jurisdiction and is unable to provide Ms. Max requested relief.  "Jurisdiction is what its [court's] power rests upon.  Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).  Without jurisdiction, this Court is unable to take further action and DENIES Ms. Max relief requested by her March 6, 2014 papers.

IT IS SO ORDERED.

Dated:   **March 10, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE